

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

November 15, 2013

**By Hand and ECF**

The Honorable Vincent Briccetti
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    *United States* **v.** *$5,000,000 in U.S. Currency*, **13 Civ. 7898 (VB)**

Dear Judge Briccetti:

      At the Court's direction, the Government submits this response to the November 8, 2013 letter from Nancy M. McGee, Esq. to the Court. Ms. McGee states that she represents a number of plaintiffs in civil lawsuits pending in New York State Supreme Court against Mid Hudson Medical Group, P.C. ("MHMG") and Spyros Panos (the "Malpractice Plaintiffs").

      In her letter, Ms. McGee asks the Court "to take into consideration the fact that this was not just a 'paper crime'" and requests "an opportunity to be heard" before the Court "approv[es] the settlement" of this civil forfeiture action brought by the Government against certain assets of MHMG. Ms. McGee does not indicate what exactly she wishes to "be heard" on, nor does she identify any particular relief she is seeking. Following the Court's direction that the Government respond to the letter, the Government spoke with Ms. McGee. Based on that conversation, the Government understands that Ms. McGee and the Malpractice Plaintiffs are frustrated with the pace of the civil malpractice lawsuits. The Government appreciates the Malpractice Plaintiffs' frustration. That said, the Government respectfully submits that this civil forfeiture action – which is based solely on MHMG's receipt of funds from Medicare, the New York State Insurance Fund, and private health insurance providers as a result of the fraudulent activity alleged in the Verified Complaint – is not the proper forum for the Malpractice Plaintiffs' grievances to be aired.

      As an initial matter, it is not necessary for the Court to approve the settlement of a civil forfeiture action, and the Government is aware of no legal standard by which the Court must evaluate the settlement. *See generally* Fed. R. Civ. P. 41(a)(1)(A). Indeed, United States District Judge Richard J. Sullivan recently concluded as much during a conference addressing the civil forfeiture settlement entered into by the parties in *United States* v. *S.A.C. Capital Advisors, L.P., et al.*, 13 Civ. 5182 (RJS). *See* November 6, 2013 Transcript at 4, 10-12 (copy attached). Rather, the Government routinely asks District Courts to "so order" civil forfeiture

The Honorable Vincent Briccetti
November 15, 2013
Page 2

settlements at the request of the United States Marshals Service, which requests a judicial order in connection with the receipt of forfeited funds.

There is nothing in Ms. McGee's letter suggesting that any of the Malpractice Plaintiffs believe they have a legal interest in the funds being forfeited by MHMG.  But if the Malpractice Plaintiffs do believe they have such an interest, then they must "file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims[.]"  18 U.S.C. § 983(a)(4)(A); *see also* Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Were the Malpractice Plaintiffs to file such a claim, the Government would take the position that the Malpractice Plaintiffs do not have standing to contest the forfeiture settlement.  *See, e.g.*, *United States* v. *Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) ("In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court.").  The Malpractice Plaintiffs do not have any property interest in the funds that MHMG has agreed to transfer to the Government.  And even if the Malpractice Plaintiffs obtain judgments against MHMG at some later point, they would be general creditors, which does not confer standing on them or qualify them as "innocent owners" under the applicable forfeiture statute.  *See, e.g.*, *United States* v. *Ribadeneira*, 105 F.3d 833, 837 (2d Cir.1997); *United States* v. *Schwimmer*, 968 F.2d 1570, 1581 (2d Cir.1992); *see also* 18 U.S.C. § 983(d)(6)(B)(I) (excluding from the definition of owner "a person with only a general unsecured interest in, or claim against, the property or estate of another").  In any event, the possibility that the Malpractice Plaintiffs might file a claim under the applicable rules is not a basis for preventing the parties to this action from entering into a settlement, as they have done.

Finally, the Government notes that the Attorney General has statutory discretion to transfer forfeited property "on such terms and conditions as he may determine … as restoration to any victim of the offense giving rise to the forfeiture[.]"  18 U.S.C. § 981(e)(6); *see also* 28 C.F.R. Part 9 (regulations governing Department of Justice's use of forfeited funds to compensate victims).  It is the Government's intention to seek authorization from the Attorney General to apply the funds forfeited in this case toward the expected restitution order in *United States* v. *Panos*, 13 Cr. 800 (NSR), and the Malpractice Plaintiffs can raise with Judge Roman any arguments they may have regarding whether they qualify for inclusion in a restitution order in that case.  Additionally, the Malpractice Plaintiffs are free to file a petition for remission with the Attorney General in which they request that forfeited funds be used to compensate them as victims, *see* 28 C.F.R. Part 9, although the Government expresses no view at this time as to the merits of such a petition, including whether any of the Malpractice Plaintiffs would qualify as victims.  *See, e.g.*, 28 C.F.R. § 9(v) ("The term victim means a person who has incurred a pecuniary loss as a direct result of the commission of the offense underlying a forfeiture.").

The Honorable Vincent Briccetti
November 15, 2013
Page 3

        For these reasons, the Government submits that there is no basis to grant Ms. McGee's request for an "opportunity to be heard." The Government respectfully requests that the Court enter the Stipulation and Order of Settlement.

                                      Respectfully submitted,

                                      PREET BHARARA
                                    United States Attorney
                                    Southern District of New York

By:    _____/s/_____
       Lee Renzin/Daniel Filor
       Assistant United States Attorneys
       (914) 993-1959/1912

cc:    Nancy M. McGee, Esq. (by facsimile: 718-261-0317)
       Wisell & McGee, LLP
       80-02 Kew Gardens Road, Suite 307
       Kew Gardens, NY 11415

       Michael Battle, Esq. (by facsimile: 212-344-7677)
       Schlam Stone & Dolan LLP
       26 Broadway
       New York, NY 10004
       *Counsel for Mid Hudson Medical Group, P.C.*