```
Db6nsacc                        Conference
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
   UNITED STATES OF AMERICA,
3
                Plaintiff,                  New York, N.Y.
4
           v.                               13 Civ. 5182(RJS)
5
   SAC CAPITAL ADVISORS, LP, et
6  al.,
7              Defendants.
   ------------------------------x
8
                                            November 6, 2013
9                                           10:40 a.m.

10 Before:

11                HON. RICHARD J. SULLIVAN,

12                                          District Judge

13

14
                              APPEARANCES
15

16
   PREET BHARARA
17      United States Attorney for the
        Southern District of New York
18 SHARON COHEN LEVIN
   MICAH SMITH
19 CHRISTINE MAGDO
   ANTONIA APPS
20 ARLO DEVLIN-BROWN
        Assistant United States Attorneys
21

22 WILLKIE, FARR & GALLAGHER, LLP
        Attorneys for Defendants
23 BY:  MARTIN B. KLOTZ
        THEODORE V. WELLS JR.
24      MICHAEL S. SCHACHTER

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300

```
Db6nsacc                        Conference

1                       APPEARANCES   (Continued)

2     PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
            Attorneys for Defendants
3     BY:   DANIEL J. KRAMER
            MICHAEL E. GERTZMAN
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2          (In open court)

3          (Case called)

4          MS. LEVIN:  Good morning, your Honor.  Sharon Levin

5   for the government.  With me at counsel table is Micah Smith

6   and Christine Magdo, who are working on the instant forfeiture

7   action, as well as Antonia Apps and Arlo Devlin-Brown who are

8   handling the criminal prosecution.

9          THE COURT:  Good morning to each of you.

10         For the, I guess we are going to call them the entity

11  defendants.  I suppose that what we are calling them, or the

12  claimants in this action, right?

13         MR. KLOTZ:  I think --

14         THE COURT:  What are you calling yourself, Mr. Klotz.

15         MR. KLOTZ:  Entity defendants is how we are identified

16  in the overall agreement.

17         Martin Klotz, your Honor.  With me Ted Wells, Dan

18  Kramer Michael Gertzman and Michael Schachter for the

19  defendants.

20         THE COURT:  Good morning to all of you.  Thank you for

21  coming in on relatively short notice.  I issued an order

22  yesterday just because I received the stipulation and consent

23  to dismiss the civil action.  It is a settlement in this case

24  and also it is a contingency for the Rule 11 plea that is

25  contemplated before Judge Swain.  That is going to be Friday,

1    and that's sort of the main event.
2         But since entry of the stipulation and order of
3    settlement and adoption of it seems to be a prerequisite or a
4    contingency on which the guilty plea is premised, I guess we
5    have to do something here.
6         So I will tell you candidly, I am not inclined to
7    apply a Rule 23 approach to this, as Judge Rakoff did in a
8    different case.  This isn't a class action, and it's not clear
9    to me that that's the standard that I ought to be imposing.
10        It also seems to me that, while I am certainly mindful
11   of the Circuit's admonition that the role of a district court
12   in reviewing civil settlements is minimal at best, I guess one
13   question I have is, I am not sure why I am necessary at all.
14   Under Rule 41(a)(1)(A)(ii) it seems that the parties can
15   basically dismiss the complaint on their own where there is a
16   stipulation that is signed by all the parties.  So is this a
17   Rule 41(a)(1)(A)(ii) situation.  Ms. Levin, I will give you
18   first crack at it.
19        MS. LEVIN:  Yes, your Honor.  Actually the reason why
20   is a practical one.  Because the resolution of the case will
21   involve the forfeiture of funds, the Marshals Service demands
22   that there be a court order authorizing the forfeiture.
23        THE COURT:  Who are they to make such demands?
24        MS. LEVIN:  Exactly, your Honor.  I agree with you.
25        THE COURT:  I say that with respect, but they don't

1   get to basically just decide they are imposing new rules beyond
2   what is in the federal rules or beyond what is in the statute.
3           MS. LEVIN:  Yes, your Honor.
4           However, when we tried to present the money to be
5   deposited in the asset forfeiture fund, the marshals will not
6   accept the deposit without a court order.
7           THE COURT:  Even if it's that big a check they won't?
8           MS. LEVIN:  Even if it's that big a check, your Honor,
9   even if it's wire transfer directly into their account they
10  will not accept it for forfeiture.
11          THE COURT:  It is good to know the practical context,
12  but in terms of just the rule or the standard here, do you
13  agree that this is something that the parties can do without my
14  signature on the document?
15          MS. LEVIN:  Yes, your Honor.  Under the posture of
16  this case right now, the parties absolutely, or in any civil
17  case the parties could reach a consent to dismissal and dismiss
18  it and settle it on their owns.
19          THE COURT:  Not in any, but in most certainly.
20          MS. LEVIN:  Certainly in a civil case like this,
21  certainly at the posture of this case, where no answer has been
22  filed yet -- we are at the preliminary stages, but as a general
23  practice, as I am sure your Honor is aware, the U.S. Attorney's
24  Office typically submits settlement agreements to the court for
25  approval.

Db6nsacc                    Conference

1           Among other things there's the practical reason that
2  the Marshals Service requires the order to deposit the money in
3  the fund, but also so that the Court is aware when we filed an
4  action what the resolution of case is.
5           THE COURT:  OK.
6           MS. LEVIN:  So this has been our standard practice to
7  do so.
8           THE COURT:  All right.  But you don't have to.
9           MS. LEVIN:  Yes, your Honor.
10          THE COURT:  Window dressing is what you are saying.
11          MS. LEVIN:  Not window dressing, your Honor.  We very
12 much appreciate your review of this and guidance.
13          THE COURT:  Let me hear from the entity defendants.
14 You have a similar view or a different view?
15          MR. KLOTZ:  Judge, we agree completely with your
16 analysis.  We think this could be done by the parties on their
17 own.  It is quite common for parties who settle a civil
18 litigation to submit it to the court and have the court so
19 order it.  In addition to the marshals issue here, I think
20 there's a provision that says your Honor has exclusive
21 jurisdiction if there is a subsequent dispute about the
22 violation of the terms.  The only terms are payment.
23          So it's really a minor role.  But in essence we agree.
24 This could have been done by the parties without your Honor's
25 signature.  We have asked that your Honor sign it, but we think

1  the review is minimal. Just to ascertain that there's nothing
2  inappropriate in the order.
3          THE COURT: All right. Then I guess one question I do
4  have -- I mean, this is a civil forfeiture action brought under
5  Title 18, Section 981 and 983. Section 983 does contemplate
6  that there is at least a potential role for the Court to assess
7  the proportionality of the settlement. Nobody has sought that,
8  and it seems to me that a fair reading of Section 983 is that
9  there needs to be such a motion before the Court gets to just
10 weigh in on proportionality. It is not clear to me how the
11 Court could weigh in on whether this is a proportional
12 settlement with respect to Eighth Amendment concerns. But one
13 concern that I do think is a live one is whether there are
14 claimants other than those who have filed claims here.
15         So this is an action against all the assets of the
16 entity defendants. The entity defendants have each filed
17 claims, and now purport to settle those claims with the
18 government.
19         I stayed this action previously so it is at least
20 conceivable that there would be other claimants who have not
21 yet filed claims who might exist and who might be affected by
22 the dismissal with prejudice of the complaint.
23         So that is something I think I do need to inquire into
24 and I am happy to hear any and all parties on that.
25         MS. LEVIN: Yes, your Honor. We are happy to answer

1    that question.  This civil forfeiture action was brought
2    against all assets of the S.A.C. hedge funds.
3              THE COURT:  Right.
4              MS. LEVIN:  In our settlement we are agreeing to
5    release or not to forfeit the assets of the S.A.C. hedge fund.
6    Instead, we are agreeing to forfeit a civil forfeiture money
7    judgment, which is $900 million, which comprises two
8    components.  One, there's the credit for the settlement in the
9    SEC action, which is $616 million.  And there is a payment of
10   new money to be forfeited of $284 million.
11             The agreement specifically provides in paragraph 9
12   that the S.A.C. entity defendants represent that they are the
13   sole owners of the funds comprising the net forfeiture payment.
14   So in a civil forfeiture case the only party that could file a
15   claim or be a potential claimant would be a party that had a
16   legal interest in the property to be forfeited.
17             The property that's actually going to be forfeited in
18   this action is that $284 million payment, so there are no other
19   potential claimants to that money except the S.A.C. entity
20   defendants who are making that payment.  However, to the extent
21   that there are other third parties, potential victims or other
22   types of claimants, there is a mechanism for them to seek
23   relief.  That is under the DOJ petition for remission or
24   mitigation regulations, which are found at 28 C.F.R. part 9,
25   and that provides that for forfeited funds, victims or others

1  that claim an interest in the money can file a petition with
2  the Department of Justice setting forth that they suffered a
3  pecuniary loss as a result of the crimes underlying the
4  forfeiture, and they may be able to obtain compensation.
5           In this case, where the funds that are actually being
6  forfeited, the only party that has an interest in it is the
7  S.A.C. entity defendants, that would be the mechanism for other
8  third parties.
9           But with respect to other potential claimants, and I
10 believe in the protective order that the court entered the
11 period for notice for other third-party claimants was delayed,
12 the period for them to file claims with respect to those third
13 parties, they would not have a claim because the assets the
14 government was initially seeking to forfeit, all the assets of
15 the hedge fund, as part of our settlement we are not seeking
16 their forfeiture.  Rather, we will be releasing those assets.
17          THE COURT:  All right.  But if there were folks who
18 thought they were victims or thought they were entitled to some
19 of the settlement monies here, accepting the settlement would
20 then trigger the clock under the CFR that would allow them to
21 make a claim?
22          MS. LEVIN:  Absolutely, your Honor.
23          THE COURT:  That is not explicit in the settlement I
24 don't think, right?
25          MS. LEVIN:  It is not explicit in the settlement, but

Db6nsacc                    Conference

1  it's the policy of the Department of Justice.
2         THE COURT: Does anybody else wish to be heard on
3  that?
4         All right. I am satisfied that this, to the extent my
5  review is required -- I'm not convinced it is -- that under the
6  standards that would apply that there is a sufficient basis to
7  approve this settlement.
8         As I said before, I think Rule 41(a)(1)(A)(ii) of the
9  Federal Rules of Civil Procedure basically allow the parties to
10 do this without Court intervention. To the extent that this is
11 more properly considered a motion under 41(a)(2) of the same
12 Federal Rules of Civil Procedure, I think it's pretty clear
13 that the Court's scrutiny is quite minimal there, and it's
14 really almost nonexistent.
15        I don't think the Court has much discretion unless
16 there is some suggestion that the defendants are going to be
17 harmed by a dismissal with prejudice or there's a third party
18 who might be harmed by acceptance of a dismissal with
19 prejudice, and I have seen no basis to think that either is the
20 case here. I don't think Section 983 of Title 18 requires any
21 additional inquiry or scrutiny by the court.
22        A different story will apply on Friday. Judge Swain
23 will I think certainly be applying a different standard and
24 will be scrutinizing the plea the Rule 11 plea under the
25 Federal Rules of Criminal Procedure. That will be a more

1   searching inquiry I take it.
2          But I think to the extent that plea is contingent on
3   entry of the stipulation and order of settlement, I will enter
4   that today.  I'll sign it and enter it today.
5          I will point out one thing, and I think it is worth
6   noting.  I received yesterday on my personal e-mail account an
7   e-mail from an anonymous individual who wished to weigh in on
8   how outraged the American people are that the DOJ has offered
9   S.A.C. Capital a sweetheart deal and talking about the dire
10  consequences that will flow from that, including the loss of
11  trust in our system.
12         I will docket this.  I am going to docket it under
13  seal, or at least redact parts of it because I don't want
14  everybody sending me e-mails after this.  This is obviously a
15  high-profile case, and it's obviously one that I think will
16  engender opinions on the part of the public and others,
17  sophisticated and unsophisticated.  There is nothing wrong with
18  that.  People don't get to communicate with the court just any
19  way they want to or hope to influence a court by making
20  submissions that aren't docketed, that aren't signed, and that
21  don't have their names attached to it.  Normally, in order to
22  weigh in on something being considered by the Court, one has to
23  be allowed by the Court to come into the case and must
24  demonstrate some sort of standing.  So the fact that someone
25  has an opinion that might be proper for an op-ed piece or a

1   letter to the editor, it is not something that should be sent
2   to the Court and is not something the Court should consider in
3   deciding motions or matters that are before them.
4       I just want to make that clear.  I don't think there
5   was any ill intent.  It hasn't affected my decision.  But in a
6   case like this, that is very high profile and that people will
7   be watching and perhaps may be confused by, I make that point
8   just so there is no confusion.
9       I think the inquiry here is a limited one.  Whether I
10  think $1.8 billion or $900 million or $284 million is a
11  sufficient number is not really relevant today, and I have no
12  basis for thinking that they are not appropriate, but I think
13  my inquiry is a much more limited one to the extent it exists
14  at all.
15      So, with that, I'm prepared to adjourn unless there is
16  something else anyone would like to cover today.
17      MS. LEVIN:  Nothing else, your Honor.
18      MR. KLOTZ:  No, your Honor.
19      THE COURT:  All right.
20      Thank you for your time.  I appreciate it.  Have a
21  nice day.  I thank all the others who are here.
22      Off the record.
23      (Discussion off the record)
24      (Adjourned)
25