RECEIVED NOV -C 2013

Briccetti, J.

PREET BHARARA
United States Attorney for the
Southern District of New York
By: SHARON COHEN LEVIN/LEE RENZIN/DANIEL FILOR
Assistant United States Attorneys
300 Quarropas Street
White Plains, New York 10601
Tel. No.: (914) 993-1900

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-6-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x

UNITED STATES OF AMERICA, : STIPULATION AND ORDER
       Plaintiff, : OF SETTLEMENT

    - v - : 13 Civ. 7898 (VB)

$5,000,000.00 IN U.S. CURRENCY, :

       Defendant-in-Rem. :
-------------------------------- x

       WHEREAS, on November 6, 2013, the United States of America (the "Government") filed a Verified Complaint against the above-captioned Defendant in Rem, on the ground that the Defendant in Rem is subject to forfeiture to the Government under Title 18, United States Code, Section 981(a)(1)(C) as property which constitutes and is derived from proceeds traceable to offenses constituting specified unlawful activity, to wit, mail fraud, in violation of 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. § 1343; and health care fraud, in violation of 18 U.S.C. § 1347;

       WHEREAS, in the Verified Complaint the Government alleges that the Defendant in Rem is derived from proceeds

traceable to conduct occurring at Mid Hudson Medical Group, P.C. ("MHMG") that was a part of schemes to defraud Medicare, the New York State Insurance Fund, and private health insurance providers (collectively, the "Health Insurance Providers"), namely (i) a scheme engaged in by Spyros Panos, a surgeon and shareholder in MHMG, involving the submission of false and fraudulent information, including pursuant to surgical procedures, to Health Insurance Providers, and (ii) a scheme engaged in by certain employees of MHMG involving the submission of requests for pre-authorization/certification from certain Health Insurance Providers for Magnetic Resonance Imaging tests, which schemes are described more fully in paragraphs 4 and 5 of the Verified Complaint (the "Unlawful Activity");

WHEREAS, MHMG asserts that it had no involvement in, knowledge of, or participation in the Unlawful Activity or any other criminal or unlawful activity occurring at MHMG and that it was an "innocent owner" of the Defendant in Rem at all times relevant hereto;

WHEREAS, MHMG understands that the Government seeks to forfeit the Defendant in Rem, and that the United States Attorney's Office for the Southern District of New York will request that such forfeited properties be made available to innocent victims of the Unlawful Activity to compensate their

2

losses arising from excess payments made to MHMG as a result of the Unlawful Activity;

WHEREAS, MHMG and the Government wish to resolve this matter and the Government's claims to the Defendant in Rem without resorting to further litigation;

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between Plaintiff United States of America, by United States Attorney Preet Bharara, Assistant United States Attorneys Sharon Cohen Levin, Lee Renzin, and Daniel Filor of counsel, and MHMG and its counsel of record, Michael Battle, Esq., of Schlam Stone & Dolan LLP (the "Parties") that:

1. MHMG represents that it is the sole owner of the Defendant in Rem identified in the Verified Complaint and agrees to forfeit these funds to the United States in settlement of the claims in the Verified Complaint.

2. MHMG represents that upon the Court entering this Stipulation and Order, it will transfer the Defendant in Rem in accordance with the Payment Schedule executed by the Parties on November 6, 2013 (the "Payment Schedule") to the following account of the United States Marshals Service ("USMS"):

>       ABA# 021030004
>       ALC# 00008154
>       US Marshals Service
>       c/o Federal Reserve Bank of NY
>       33 Liberty Street
>       New York, NY

3. As set forth in more detail in the Payment Schedule, the Parties agree that MHMG shall be entitled to credits ("Credits") for the following payments made to Health Insurance Providers for the purpose of reimbursing victims of the Unlawful Activity ("Reimbursements"): (i) Reimbursements MHMG has already made to certain Health Insurance Providers that were victims of the Unlawful Activity; and (ii) any additional Reimbursements MHMG shall make, provided that MHMG provides the Government with proof of such additional payments. The time at which MHMG may take Credits is set forth in the Payment Schedule. MHMG agrees that it shall not be entitled to Credits for any Reimbursement to a specific Health Insurance Provider in excess of the pro rata amount for that Heath Insurance Provider which is set forth in the Payment Schedule (the "Pro Rata Amounts").

4. MHMG agrees not to file, or cause any other individual or entity to file, any claim to the Defendant in Rem identified in the Verified Complaint or to in any other way interfere with or delay the forfeiture of the Defendant in Rem.

5. By reason of the agreements in paragraphs 1 and 2 above, the Parties hereby (a) fully and finally compromise, settle, release, and dispose of (i) any and all claims for, or causes of action for, civil forfeiture and/or civil money laundering that the United States may have or may claim to have

against MHMG in connection with the Unlawful Activity (including any receipt of money and any transfers of any money received, whether directly or indirectly) (collectively, the "Covered Conduct"), and (ii) any and all claims, causes of action and/or affirmative defenses or counterclaims that MHMG may have or may claim to have against the Government relating to Covered Conduct ((i) and (ii) collectively are the "Settled Claims").

6. MHMG is hereby barred from asserting any claim against the United States of America, the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("SDNY-USAO"), the USMS, the United States Postal Inspection Service ("USPIS"), the Federal Bureau of Investigation ("FBI"), the Department of Health and Human Services-Office of Inspector General ("HHS-OIG") or agents and employees of the United States of America, the DOJ, the SDNY-USAO, the USMS, the USPIS, the FBI, and the HHS-OIG and from assisting others in asserting any such claim, in connection with the Settled Claims, including but not limited to any claim for costs or attorney's fees.

7. The Parties agree and acknowledge that the forfeitures or any activities or obligations contained within or performed pursuant to this Stipulation and Order are part of the settlement of disputes and uncertain claims and demands, and that forfeitures or performance pursuant to this Stipulation and

Order in no way constitutes or should be interpreted as an admission of liability or wrongdoing by any of the Parties, is not on account of any prior obligation of any of the Parties and may not be used as evidence or as an admission of liability or wrongdoing by any of the Parties. The Parties further agree and acknowledge that (i) the Defendant in Rem is an estimate of the amount of proceeds MHMG obtained from Health Insurance Providers as a result of the Unlawful Activity, and (ii) the calculation of the Defendant in Rem shall be interpreted as a final determination by the parties of the amount to be forfeited by MHMG to the Government in settlement of the allegations in the Verified Complaint, and not as a final determination by the Government as to the loss amounts incurred by all Health Insurance Providers, collectively or individually, as a result of the Unlawful Activity. Notwithstanding any other provision of the Stipulation and Order, the forfeitures do not constitute a fine or penalty and are not punitive damages.

8. This Stipulation and Order constitutes the entire agreement among the Parties and supersedes any and all prior agreements, negotiations, representations and understandings, whether oral or written, between the Parties. This Stipulation and Order may not be changed, amended or modified except in a writing signed by each of the Parties or their counsel.

9. This Stipulation and Order shall be binding upon, and inure to the benefit of all Parties, and their successors, heirs and assigns.

10. This Stipulation and Order may be executed in counterparts, each of which shall constitute an original as against the party whose signature appears on it. All executed counterparts shall be deemed to be one and the same instrument. This Stipulation and Order shall become binding when one or more counterparts, individually or taken together, bears the signature of all Parties. A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

11. Each party waives all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

12. Each party shall bear its own costs and attorneys' fees.

13. The Court shall retain jurisdiction over this Stipulation and Order and over any action to interpret or enforce its terms.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____  11/6/13
Sharon Cohen Levin/Lee Renzin/       DATE
Daniel Filor
Assistant United States Attorneys
300 Quarropas Street
White Plains, New York 10601
Tel. No.: (914) 993-1900


MID HUDSON MEDICAL GROUP, P.C.

By: _____  11/6/13
Joseph A. Garvey, M.D.               DATE
President and Chief Executive Officer
Mid Hudson Medical Group, P.C.

By: _____  11/6/13
Michael Battle, Esq.                 DATE
Schlam Stone & Dolan LLP
26 Broadway
New York, New York 10004
(212) 344-5400
Counsel for Mid Hudson Medical Group, P.C.


SO ORDERED:

_____       November 6, 2013
UNITED STATES DISTRICT JUDGE         DATE

White Plains, NY

8